<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DESROSIERS, : | |
| : | Hon. Faith S. Hochberg, U.S.D.J. |
| Petitioner, : | |
| : | Civil Case No. 11-4643 (FSH) |
| v. : | |
| : | **OPINION & ORDER** |
| ROY L. HENDRICKS, *et al.* : | |
| : | May 3, 2012 |
| Respondents. : | |

<u>**HOCHBERG, District Judge:**</u>

**I. INTRODUCTION**

This matter comes before the Court upon Petitioner's motion for interim relief filed on January 30, 2012. This Court denied his petition for habeas corpus on December 30, 2011. The motion has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78.

**II. DISCUSSION**

Petitioner now seeks an order that he be confined at home pending his appeal and eventually his deportation so that he can marry his fiancée and assist in caring for his son, who recently was diagnosed with learning disabilities. Petitioner contends that home incarceration qualifies as a custodial sentence. *Ilchuk v. Attorney General*, 434 F.3d 618, 623 (3d Cir. 2006). He contends that he would suffer irreparable harm if he could not marry his fiancée, a United States citizen, because he is unlikely to be deported if they wed.

Respondents contend, among other things,[1] that Petitioner has not exhausted his administrative remedies because, as demonstrated by an affidavit from a prison official, he had not requested permission from the prison to marry—requests which are generally granted under ICE regulations.

Federal prisoners must exhaust their administrative remedies prior to seeking relief under § 2241.  *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1988).  Here, Petitioner admits that he did not follow the administrative procedure to request permission to marry (Reply Br. at 2), and, when he did, permission was granted (Letter to the Court dated February 29, 2012).  Moreover, while home incarceration may be a custodial sentence for purposes of determining deportation, *Ilchuk*, 434 F.3d at 623, Petitioner cites no statutes or cases to support his argument that the Court may order home incarceration pending his deportation.  Therefore, he has not demonstrated that he faces irreparable harm, or that he is entitled to the relief he requests.

In the reply brief, Plaintiff attempts to recast the grounds for his motion, stating that he seeks home detention so that he can be at home with his family.  (Reply Br. at 2.)  Setting aside that his motion did not request relief on those grounds, (Br. at 4-6), Petitioner has not cited any authority for the proposition that a district court appropriately grants such relief pending

---

[1] Respondents also contend that habeas is not the proper context to challenge "conditions of confinement."  However, the difference between home incarceration and penal incarceration may be so significant that Petitioner's challenge is not merely to a "condition of confinement."  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-43 (3d Cir. 2005) (holding that challenge seeking placement in a "community correction center" was cognizable under habeas, especially given the difference between placement in such a center and normal penal confinement); *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882, 883 (3d Cir. 2007).  *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), on which the government relies, cites *Woodall* and notes that the "qualitative difference" between confinement in a prison and in a halfway house was sufficient to make the request in that case cognizable under habeas.  *McGee*, 627 F.3d at 935-36.  In any event, the Court need not decide the issue because it will deny the request on other grounds.

deportation, much less that the family problems he describes constitute good cause for such relief.

### III. CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 3rd day of May, 2012,

**ORDERED** that Petitioner's motion for interim relief is hereby **DENIED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.